IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| POST CONSUMER BRANDS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17-CV-2471 SNLJ |
| | ) | |
| GENERAL MILLS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

Plaintiff Post Consumer Brands, LLC, brought a patent infringement suit against two defendants: General Mills, Inc. ("GM"), and General Mills Sales, Inc. ("GMSales"). Post claims that GM and GMSales are infringing Post's design patent for a shelf divider for bagged cereals. Post seeks a preliminary injunction to stop defendants from using the shelf dividers in grocery stores. That motion is still being briefed by the parties. In the meantime, defendants filed a motion to dismiss for improper venue or, in the alternative, to transfer venue (#21).

Patent infringement cases like this one have their own venue statute:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b). That section is "the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*,

1

137 S. Ct. 1514, 1519 (2017) (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957). The Supreme Court has held that "the judicial district where the defendant resides" means only the state of incorporation for a domestic corporate defendant. *TC Heartland*, 137 S. Ct. at 1520. Both defendants here are incorporated in Delaware. Post thus bases its venue argument on the second prong of § 1400(b), alleging that defendants committed acts of infringement in this judicial district and that they have at least one regular and established physical place of business located in Hannibal, Missouri. Post also alleges that defendants have employees and pay contractors and/or agents in this district, including individuals who work with the infringing products and who oversee and conduct installation of the infringing merchandising systems in grocery stores. (#1 at ¶11.) Defendants have moved to dismiss for improper venue or to transfer venue because, they say, neither defendant is incorporated in Missouri, and neither defendant owns or operates the Hannibal, Missouri facility.

For a Federal Rule of Civil Procedure 12(b)(3) motion to dismiss for improper venue such as this, the Court may consider matters outside the complaint. *See Eaton Veterinary Pharm., Inc v. Wedgewood Vill. Pharmacy, Inc.*, 4:15-CV-687-SRB, 2015 WL 7871055, at *2 (W.D. Mo. Dec. 3, 2015); *Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06-3206-CV-S-RED, 2006 WL 2948082, at *2 (W.D. Mo. Oct. 16, 2006). "The moving party has the burden of establishing that venue is improper." *Bomkamp v. Hilton*

*Worldwide, Inc.*, 4:13-CV-1569 CAS, 2014 WL 897368, at *5 (E.D. Mo. Mar. 6, 2014).[1]

The parties agree that, because this specific venue question is a matter unique to patent law, the law of the Court of Appeals for the Federal Circuit applies. *See In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

For the purposes of their motion to dismiss, the defendants do not dispute that acts of infringement are alleged to have occurred in this district. The question, rather, is whether defendants have a "regular and established place of business" in the district. The Federal Circuit has established a three-part test for determining whether a defendant has a "regular and established place of business" in the district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*

Here, Post alleges that the Hannibal plant satisfies these requirements even though the Hannibal plant is operated not by either of the defendants, but by a different entity named General Mills Operations, LLC ("GMOperations"). Defendants concede that the Hannibal facility is a "regular and established place of business" for GMOperations, but they contend it cannot be imputed to GMOperations's parent company GM or its affiliate GMSales. Indeed, except where corporate formalities are ignored and an alter ego

---

[1] There is some disagreement among the circuits regarding which party has the burden of proving proper venue. *See Symbology Innovations, LLC v. Lego Sys., Inc.*, 2:17-CV-86, 2017 WL 4324841, at *4 n.5 (E.D. Va. Sept. 28, 2017) ("Whether the burden to establish venue lies with the plaintiff or defendant appears to be a rousing debate among circuits and scholars alike.").

3

relationship exists, the presence of a corporate relative in the district does not establish venue.  *Shapiro v. Ford Motor Co.*, 359 F. Supp. 350, 357 (D. Md. 1973); *Symbology Innovations, LLC v. Lego Sys., Inc.*, --- F. Supp. 3d ---, 2:17-CV-86, 2017 WL 4324841, at *10 (E.D. Va. Sept. 28, 2017).

Post advances numerous arguments for why this Court should hold that GMOperations's plant should be imputed to GM and GMSales for the purposes of establishing venue.  It is the largest General Mills plant in the nation, for example, and is the largest employer in the Hannibal region.  Post further states that the Hannibal plant has a "General Mills" sign on the plant --- not a GMOperations sign.  Further, certain documents on government websites --- such as an Environmental Protection Agency record --- identify "General Mills, Inc." as the entity associated with the address of the Hannibal plant.  GM's Form 10-K lists the Hannibal, Missouri location as one of "our principal production facilities."  Further, Post maintains that it is illogical to believe GMSales has no interaction with the Hannibal plant, as GMSales sells the products that the GMOperation plant produces.  Both defendants GM and GMSales appear to have employees who live and work within the district, as well.

However, the fact that GM and/or GMSales have a handful of employees and contractors in the district does not satisfy the requirement that defendant have a "physical" place of business in the district.  *Cray*, 871 F.3d at 1362.  Furthermore, as to the presence of the Hannibal facility, neither GM nor GMSales owns the Hannibal plant

4

nor any other property in the district. No GM or GMSales employees work at the Hannibal plant, which, again, is operated by GMOperations. Furthermore, there is no real claim that any alter ego relationship exists between GMOperations and either of its corporate relatives. The government website documents are hearsay, and they do not purport to identify the owner of the Hannibal facility anyway. Ultimately, "so long as a formal separation of the entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other" for the purpose of determining proper venue. 14D *Fed. Prac. & Proc. Juris*. § 3823 (4th ed.) (collecting cases). Moreover, because there is no suggestion that formal separation of corporate entities has not been preserved, this Court declines to grant Post's request for discovery on this matter.

Neither defendant in this case has a regular and established place of business in the district. As a result, venue in this district is improper under to 28 U.S.C. § 1400(b), and this Court must dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). In the interest of justice, in light of the pending preliminary injunction motion, this Court will transfer the case to the District of Minnesota, where defendants are headquartered.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss for improper venue or, in the alternative, to transfer venue (#21) is GRANTED.

5

IT IS FURTHER ORDERED that the Clerk shall TRANSFER this case to the United States District Court for the District of Minnesota.

Dated this  27th  day of October, 2017.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE